UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDINSON PADERES-ESTUPINAN

　　　　　　　　　　　　　　　　　　　　　　　　Case No. 8:07-cr-455-T-24 TBM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　8:13-cv-580-T-24 TBM
v.

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 105). Because review of the motion and the file in the case conclusively shows that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter.  28 U.S.C. § 2255(b).

**I.  Background**

On January 17, 2008, Petitioner pled guilty, pursuant to a plea agreement, to Count One of the Indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.  (CR Doc. No. 44, 37).  Petitioner did not contest the factual basis contained in the plea agreement, which included the following:

> On November 7, 2007, the defendant along with three co-conspirator crew members, all Colombian nationals, were traveling near the Columbia-Ecuador border in a go-fast vessel which was without nationality, that is, a vessel subject to the jurisdiction of the United States.  The defendant's presence on the vessel was part of an unlawful agreement with others to possess with intent to distribute five (5) or more kilograms of cocaine. The go-fast was initially spotted by a Maritime Patrol Aircraft conducting routine patrol in the

> Eastern Pacific. The crew of the MPA was observed carrying suspected contraband and the crew of the go-fast was observed jettisoning 125 bales of cocaine into two debris fields. Each bale contained approximately 20 kilos so the approximate amount cocaine the go-fast was carrying was 2500 kilos.

(CR Doc. No.37, p. 12-13).

Petitioner was sentenced on April 25, 2008 to 87 months of imprisonment, and the judgment was entered against Petitioner the same day. (CR Doc. No. 77, 80). Petitioner did not appeal his conviction. Instead, he filed the instant § 2255 motion almost four years after judgment was entered. (CR Doc. No. 105, CV Doc. No. 1).

## II.  Section 2255 Motion

Petitioner argues in the instant § 2255 motion that his conviction should be vacated, because the Maritime Drug Law Enforcement Act is unconstitutional as applied to him. In support of this contention, Petitioner cites the Eleventh Circuit's opinion in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). However, because his motion is untimely and lacks merit, it must be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

    (1)    the date on which the judgment of conviction becomes final;
    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner was sentenced and judgment was entered on April 25, 2008. Petitioner did not appeal his conviction, and as such, his conviction became final when the time for filing an appeal expired. Therefore, his conviction became final on May 9, 2008.

Pursuant to 28 U.S.C. § 2255(f)(1), Petitioner had one year from May 9, 2008 within which to file his § 2255 motion. Petitioner's § 2255 motion was not filed until February of 2013. As such, Petitioner's motion is time-barred unless Petitioner can show that he is entitled to a later filing date pursuant to 28 U.S.C. § 2255(f)(2) - (4). To the extent that Petitioner relies on the Eleventh Circuit's November 6, 2012 opinion in United States v. Bellaizac-Hurtado to restart the one-year limitations period, such an argument is rejected. Because the Bellaizac-Hurtado opinion is an opinion of the Eleventh Circuit, and not an opinion of the Supreme Court, it cannot serve as a basis to restart the one-year limitations period. See Vargas v. U.S., 2013 WL 424362, at *1 (M.D. Fla. Feb. 4, 2013).

Even if Petitioner's motion was timely, it would still be denied on the merits, because Petitioner's reliance on Bellaizac-Hurtado is misplaced. In Bellaizac-Hurtado, a panel of the Eleventh Circuit ruled, in an unpublished opinion, that the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506, was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama. See Bellaizac-Hurtado, 700 F.3d at 1258. The panel reasoned, "[b]ecause drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in

the territorial waters of Panama." Id.

In his § 2255 motion, Petitioner states that he is entitled to relief, because the vessel he was in was "within Columbia's territorial waters." (CR Doc. No. 105, CV Doc. No. 1). However, the pre-sentence investigation report states that the vessel was "traveling near the Columbia-Ecuador border in the Eastern Pacific Ocean in international waters." Petitioner did not object to this factual statement in the pre-sentence investigation report, and as such, he is deemed to admit that he was on a vessel in international waters. Therefore, Bellaizac-Hurtado is factually distinguishable from the instant case because it concerns Congress's ability to proscribe drug-trafficking activity in territorial waters, particularly the territorial waters of Panama.

### III.  Conclusion

Bellaizac-Hurtado is factually distinguishable and does not support Petitioner's argument that his conviction should be vacated. Furthermore, Petitioner's motion is untimely. Accordingly, Petitioner's motion to vacate sentence is **DISMISSED** as untimely. The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of March, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner